JS 44 (Rev. 10/20)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Claire Young

## DEFENDANTS
Morgan, Lewis & Bockius, LLP

**(b)** County of Residence of First Listed Plaintiff: Philadelphia
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: _____
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Scott M. Pollins, Pollins Law, 303 W. Lancaster Ave., Ste. 1C, Wayne, PA 19087, 610-896-9909

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [x] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | [ ] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 422 Appeal 28 USC 158 | [ ] 375 False Claims Act |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 365 Personal Injury - Product Liability | [ ] 690 Other | [ ] 423 Withdrawal 28 USC 157 | [ ] 376 Qui Tam (31 USC 3729(a)) |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability | [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | [ ] 400 State Reapportionment |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | [ ] 410 Antitrust |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability | | | [ ] 820 Copyrights | [ ] 430 Banks and Banking |
| [ ] 151 Medicare Act | [ ] 340 Marine | [ ] 368 Asbestos Personal Injury Product Liability | | [ ] 830 Patent | [ ] 450 Commerce |
| [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans) | [ ] 345 Marine Product Liability | | | [ ] 835 Patent - Abbreviated New Drug Application | [ ] 460 Deportation |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle | **PERSONAL PROPERTY** | **LABOR** | [ ] 840 Trademark | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability | [ ] 370 Other Fraud | [ ] 710 Fair Labor Standards Act | [ ] 880 Defend Trade Secrets Act of 2016 | [ ] 480 Consumer Credit (15 USC 1681 or 1692) |
| [ ] 190 Other Contract | [ ] 360 Other Personal Injury | [ ] 371 Truth in Lending | [ ] 720 Labor/Management Relations | | [ ] 485 Telephone Consumer Protection Act |
| [ ] 195 Contract Product Liability | [ ] 362 Personal Injury - Medical Malpractice | [ ] 380 Other Personal Property Damage | [ ] 740 Railway Labor Act | **SOCIAL SECURITY** | [ ] 490 Cable/Sat TV |
| [ ] 196 Franchise | | [ ] 385 Property Damage Product Liability | [ ] 751 Family and Medical Leave Act | [ ] 861 HIA (1395ff) | [ ] 850 Securities/Commodities/ Exchange |
| | | | | [ ] 862 Black Lung (923) | |
| | | | | [ ] 863 DIWC/DIWW (405(g)) | |
| | | | | [ ] 864 SSID Title XVI | [ ] 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | [ ] 790 Other Labor Litigation | [ ] 865 RSI (405(g)) | [ ] 891 Agricultural Acts |
| [ ] 210 Land Condemnation | [ ] 440 Other Civil Rights | **Habeas Corpus:** | [ ] 791 Employee Retirement Income Security Act | | [ ] 893 Environmental Matters |
| [ ] 220 Foreclosure | [ ] 441 Voting | [ ] 463 Alien Detainee | | **FEDERAL TAX SUITS** | [ ] 895 Freedom of Information Act |
| [ ] 230 Rent Lease & Ejectment | [ ] 442 Employment | [ ] 510 Motions to Vacate Sentence | | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 896 Arbitration |
| [ ] 240 Torts to Land | [ ] 443 Housing/ Accommodations | [ ] 530 General | | [ ] 871 IRS—Third Party 26 USC 7609 | [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| [ ] 245 Tort Product Liability | [x] 445 Amer. w/Disabilities - Employment | [ ] 535 Death Penalty | **IMMIGRATION** | | |
| [ ] 290 All Other Real Property | [ ] 446 Amer. w/Disabilities - Other | **Other:** | [ ] 462 Naturalization Application | | [ ] 950 Constitutionality of State Statutes |
| | [ ] 448 Education | [ ] 540 Mandamus & Other | [ ] 465 Other Immigration Actions | | |
| | | [ ] 550 Civil Rights | | | |
| | | [ ] 555 Prison Condition | | | |
| | | [ ] 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*
- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
ADAAA
Brief description of cause:
Disability discrimination, denial of reasonable accommodation, retaliation

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $** Unliquidated

CHECK YES only if demanded in complaint:
**JURY DEMAND:** [x] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____  DOCKET NUMBER _____

DATE 8/10/21
SIGNATURE OF ATTORNEY OF RECORD /s/ Scott

**FOR OFFICE USE ONLY**

RECEIPT #  AMOUNT  APPLYING IFP  JUDGE  MAG. JUDGE

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: __928 Clinton St., Apt. 1, Philadelphia, PA 19107__

Address of Defendant: __1701 Market Street, Philadelphia, PA 19103__

Place of Accident, Incident or Transaction: __Philadelphia, PA__

---

**RELATED CASE, IF ANY:**

Case Number: _____ Judge: _____ Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?   Yes ☐   No ☑

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?   Yes ☐   No ☑

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?   Yes ☐   No ☑

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?   Yes ☐   No ☑

I certify that, to my knowledge, the within case ☐ is / ☑ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: __08/10/2021__   _[signature]_   76334
*Attorney-at-Law / Pro Se Plaintiff*     *Attorney I.D. # (if applicable)*

---

**CIVIL:** (Place a √ in one category only)

A.  *Federal Question Cases:*
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☑ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    *(Please specify): _____*

B.  *Diversity Jurisdiction Cases:*
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury *(Please specify):* _____
7. ☐ Products Liability
8. ☐ Products Liability – Asbestos
9. ☐ All other Diversity Cases
    *(Please specify): _____*

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, __Scott M. Pollins__, counsel of record *or* pro se plaintiff, do hereby certify:

☑ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☑ Relief other than monetary damages is sought.

DATE: __08/10/2021__   _[signature]_   76334
*Attorney-at-Law / Pro Se Plaintiff*     *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

Civ. 609 (5/2018)

**KOLLER LAW LLC**
David M. Koller, Esq. (90119)         *Counsel for Plaintiff*
2043 Locust Street, Suite 1B
Philadelphia, PA 19103
T: (215) 545-8917
F: (215) 575-0826
davidk@kollerlawfirm.com

**POLLINS LAW**
Scott M. Pollins, Esq.
303 West Lancaster Avenue, Suite 1C
Wayne, PA 19087
T: (610) 896-9909
F: (610) 896-9910
scott@pollinslaw.com

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **CLAIRE YOUNG,** | : | **Civil Action No.** |
| 928 Clinton Street, Apartment 1 | : | |
| Philadelphia, PA 19107 | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | **Complaint and Jury Demand** |
| | : | |
| **MORGAN, LEWIS & BOCKIUS, LLP,** | : | |
| 1701 Market Street | : | |
| Philadelphia, PA 19103 | : | |
| Defendant. | : | |

**CIVIL ACTION**

Plaintiff, Claire Young (hereinafter "Plaintiff"), by and through her attorneys, Koller Law, LLC and Pollins Law, brings this civil matter against Morgan, Lewis & Bockius LLP (hereinafter "Defendant"), for violations of the Americans with Disabilities Act of 1990 ("ADA"), as amended, and the Pennsylvania Human Relations Act ("PHRA"). In support thereof, Plaintiff avers as follows:

## THE PARTIES

1. Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

2. Plaintiff is an adult individual residing at the above captioned address.

3. Upon information and belief, Morgan, Lewis & Bockius LLP is a multinational law firm with a headquarters at 1701 Market Street, Philadelphia, PA 19103.

4. At all times relevant hereto, Defendant employed managers, supervisors, agents, and employees who Plaintiff alleges had the authority to make decisions concerning Plaintiff's employment.  In making said decisions, these individuals engaged in the pattern and practice of discriminatory treatment, which forms the basis of Plaintiff's allegations in the instant Complaint.

5. At all times relevant hereto, Defendant employed managers, supervisors, agents, and employees who acted directly or indirectly in the interest of the employer.  In so acting, these individuals engaged in the pattern and practice of discriminatory treatment, which forms the basis of Plaintiff's allegations in the instant Complaint.

## JURISDICTION AND VENUE

6. Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

7. The Court may properly maintain personal jurisdiction over Defendant because the Defendant's contacts with this state and this judicial district are sufficient for the exercise of jurisdiction and comply with traditional notions of fair play and substantial justice, thus satisfying the standard set forth by the United States Supreme Court in International Shoe Co. v. Washington, 326 U.S. 310 (1945) and its progeny.

8. The Court may exercise original subject-matter jurisdiction over the instant action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4) because it arises under the laws of the United States

and seeks redress for violations of federal law.

9. The Court may also maintain supplemental jurisdiction over state law claims set forth herein pursuant to 28 U.S.C. § 1367(a) and Rule 18(a) of the Federal Rules of Civil Procedure because they are sufficiently related to one or more claims within the Court's original jurisdiction that they form part of the same case or controversy.

10. Venue is properly laid in the Eastern District of Pennsylvania pursuant to 28 U.S.C. §§ 1391(b)(1) and 1391(b)(2) because the Defendant is located in this judicial district and because all of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

11. Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

12. Plaintiff exhausted her administrative remedies under the ADA and the PHRA.

13. Plaintiff timely filed Charges of Discrimination ("Charge") with the U.S. Equal Employment Opportunity Commission ("EEOC") alleging disability discrimination and retaliation against Defendant.

14. The Charges were assigned Charge Numbers 530-2020-00407 and 530-2021-01608 and were dual filed with the Pennsylvania Human Relations Commission ("PHRC").

15. The EEOC issued Plaintiff a Dismissal and Notice of Rights ("Right to Sue") for both Charges on May 17, 2021. Plaintiff received the notice by mail.

16. Plaintiff files the instant Complaint within ninety (90) days of her receipt of the Right to Sues in this matter.

17. Plaintiff has exhausted her administrative remedies as to the allegations of this Complaint.

## MATERIAL FACTS

### PLAINTIFF'S EMPLOYMENT HISTORY

18. Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

19. On November 20, 2017, Defendant hired Plaintiff as an Accounts Payable Clerk.

20. Plaintiff was well qualified for her position and performed well.

21. On March 11, 2019, Plaintiff became an Administrative and Database Assistant.

22. Plaintiff was well qualified for her position and performed well.

### PLAINTIFF SUFFERED A SERIOUS HEALTH CONDITION THAT RESULTED IN HER BECOMING DISABLED

23. In April 2019, Plaintiff suffered a large left parietal intracerebral hemorrhage (hemorrhagic stroke). She was diagnosed with an arteriovenuous malformation ("AVM") brain, a disability under the ADA.

24. Dr. Omar Choudhri, Neurosurgeon, immediately placed Plaintiff on a medical leave of absence.

25. Plaintiff underwent placement of right frontal external ventricular drain, resection of AVM in interval fashion, evacuation of hematoma and intraoperative angiogram conducted by Dr. Choudhri.

### PLAINTIFF WAS RELEASED TO RETURN TO WORK WITH A REASONABLE ACCOMMODATION

26. On July 3, 2019, Dr. Choudhri released Plaintiff to return to work with the reasonable accommodations of working part-time (20-25 hours per week) and working remotely.

27. Plaintiff could still perform the essential functions of her position with this reasonable accommodation and it did not provide an undue hardship for Defendant.

## DEFENDANT REFUSED TO ACCOMMODATE PLAINTIFF TO WORK REMOTELY

28. Plaintiff sent Dr. Choudhri's note to Stacey Brady, Leave Coordinator.

29. Ms. Brady informed Plaintiff that Defendant could not accommodate her to work remotely.

30. Subsequently, Plaintiff's fiancé contacted Monica Rodan, Director of Training & Staff Operations, and Plaintiff's direct supervisor, regarding Plaintiff's return to work status, but was informed that he and Plaintiff were only allowed to communicate with Ms. Brady.

31. Defendant was insistent that it was necessary for Plaintiff to return to its location to work in person.

32. However, it was not necessary for Plaintiff to work at Defendant's location in person as all of her job duties were performed on the computer, which she could perform remotely.

## HUMAN RESOURCES REFUSED TO PROVIDE PLAINTIFF A REASONABLE ACCOMMODATION, AND INSTEAD PLACED PLAINTIFF ON A MEDICAL LEAVE OF ABSSENCE

33. On August 15, 2019, Plaintiff had a phone call with Ms. Brady and Huda Goldman, Human Resources Director.

34. During this phone call, Ms. Brady and Ms. Goldman denied Plaintiff's request for the reasonable accommodation of working from 10 am to 12 pm at Defendant's Center City Philadelphia office and from 2 pm to 5 pm remotely.

35. Plaintiff explained to them that Dr. Choudhri stated that she could not work at Defendant's location for more than two (2) hours at a time.

36. However, they proceeded to cut Plaintiff off and told her that she could rest on a couch in Defendant's dining room.

37. When Plaintiff informed them that this was not a viable option due to her disability and that Dr. Choudhri would not release her to return without her requested accommodations, they stated that the only accommodation Defendant could provide her was to place her on an unpaid leave of absence.

**PLAINTIFF CONTINUED TO UPDATE DEFENDANT REGARDING HER DISABILITY AND NEED FOR A REASONABLE ACCOMMODATION, BUT DEFENDANT CONTINUED TO REFUSE TO ACCOMMODATE HER**

38. Plaintiff continued to provide all of her medical documentation to Ms. Brady as she was directed, but Defendant frequently accused her of being unresponsive and not providing it with her medical updates.

39. Plaintiff had three (3) phone conversations with Ms. Goldman and Ms. Brady since she had been cleared by Dr. Choudhri to return to work with medical restrictions, but they continued to refuse to provide her with her requested reasonable accommodation.

40. Due to Defendant's lack of action, Plaintiff requested that Ms. Goldman and Ms. Brady provide her with Defendant's proposals for a reasonable accommodation in writing before they had another phone conversation.

41. However, they refused to do so, and stated that they would only provide Plaintiff with documentation after phone conversations were held.

**PLAINTIFF AGAIN REQUESTED A REASONABLE ACCOMMODATION AND COMPLAINED THAT DEFENDANT WAS FORCING HER TO NEGOTIATE WITH HER HEALTH**

42. On September 4, 2019, Plaintiff emailed Ms. Goldman and Ms. Brady that her request for reasonable accommodations continued to be to work part-time hours and remotely.

43. Plaintiff informed them that she could report to Defendant's Center City Philadelphia office for planned meetings and in-person check-ins, but that she could not report to work at the office on a part-time basis.

44. Plaintiff also stated that she believed Ms. Goldman and Ms. Brady were forcing her to negotiate with her health by refusing to provide her with a reasonable accommodation.

45. Ms. Goldman responded by insinuating that Plaintiff was trying to not engage in the interactive process.

46. Plaintiff responded that this was not the case.

### DEFENDANT OFFERED PLAINTIFF A DIFFERENT POSITION AND ACCOMMODATIONS THAT DIRECTLY VIOLATED PLAINTIFF'S MEDICAL RESTRICTIONS

47. On September 5, 2019, Ms. Goldman informed Plaintiff that Defendant could provide her with an accommodation by transferring her to an Accounts Receivable Assistant position.

48. However, Ms. Goldman stated that Plaintiff would be required to report to Defendant's office three (3) times a month for the full day, with two (2) of those days being consecutive.

49. They also scheduled a phone conversation to discuss it on September 11, 2019.

50. On September 11, 2019, Plaintiff had a phone conversation with Ms. Goldman and Ms. Brady.

51. They stated that Defendant could accommodate Plaintiff by transferring her to the Accounts Receivable Assistant position, but they could not answer Plaintiff's questions regarding the specific accommodation they intended to offer her, the essential functions of the position or why she could not work remotely in her current position.

52. It was not until September 20, 2019 that Ms. Goldman followed-up the September 11, 2019, phone conversation with an email.

53. Defendant's proposed accommodations were in direct violation of Plaintiff's medical restrictions, including, but not limited to, requiring her to work 32 hours per week and work a full work day at the office three (3) day per month.

54. Ms. Goldman stated that working out of the office was essential because Plaintiff needed to perform mail duties.

55. Upon information and belief, mail duties were not an essential function of the database assistant position.

56. In her explanation for why the firm could not accommodate Plaintiff in her prior database assistant role, Ms. Goldman cited security concerns, project work, delivering mail and answering phone calls as the reason why Plaintiff could not work remotely in her position.

57. None of these job duties had previously been essential to the database assistant position.

58. In addition, Ms. Goldman's response did not clearly explain why Plaintiff could not be accommodated to work remotely in her current position.

**DEFENDANT CONTINUED TO REFUSE TO PROVIDE PLAINTIFF WITH A REASONABLE ACCOMMODATION**

59. On September 24, 2019, Plaintiff responded to Ms. Goldman's email and informed her that she could not perform the job of Accounts Receivable Assistant because the specifics were in direct violation of her medical restrictions.

60. Plaintiff also complained as to why Defendant refused to accommodate Plaintiff to work remotely in her current position.

61. However, Defendant did not respond to Plaintiff's inquiries regarding its refusal to provide her with the requested reasonable accommodation.

62. Defendant continued to refuse to accommodate Plaintiff even though she was able to perform the essential functions of her job.

### PLAINTIFF FILED A CHARGE OF DISCRIMINATION WITH THE EEOC

63. On October 21, 2019, Plaintiff filed a Charge of Discrimination with the EEOC alleging discrimination based on her disability, failure to accommodate and retaliation for requesting an accommodation.

64. Defendant continued to deny Plaintiff's requests for a reasonable accommodation.

### PLAINTIFF SUBMITTED ANOTHER REQUEST FOR A REASONABLE ACCOMMODATION, BUT WAS IGNORED BY DEFENDANT

65. In January 2020, Plaintiff submitted another medical note from Dr. Choudhri requesting the reasonable accommodation for her to work part-time from home until she felt physically able to work full time from home.

66. Dr. Choudhri's note also stated that if Plaintiff was required to attend a mandatory meeting at Defendant, she could only be there for a maximum of two (2) hours per day before returning home to rest.

67. Defendant did not even respond to Plaintiff's request for the reasonable accommodation.

### DEFENDANT ALLOWED NON-DISABLED EMPLOYEES TO WORK FROM HOME DUE TO THE COVID-19 PANDEMIC, WHICH WAS THE ACCOMMODATION PLAINTIFF HAD BEEN REQUESTING, BUT WAS REFUSED

68. In mid-March 2020, Defendant directed its employees to work remotely due to the COVID-19 pandemic.

69. This was the specific accommodation Plaintiff requested, and it showed that Defendant could have accommodated Plaintiff with remote working in 2019 and earlier in 2020.

## DEFENDANT CONTINUED TO DENY PLAINTIFF'S REQUESTED REASONABLE ACCOMMODATION

70. Defendant continued to deny Plaintiff's accommodation request and did not engage in the requisite interactive process.

## DEFENDANT TERMINATED PLAINTIFF DUE TO HER POSITION ALLEGEDLY BEING ELIMINATED DUE TO THE COVID-19 PANDEMIC

71. On December 9, 2020, Plaintiff contacted Ms. Goldman and Ms. Brady inquiring if she was able to resume her position remotely.

72. On December 11, 2020, Ms. Goldman responded to Plaintiff that her position had been eliminated and that Defendant did not and would have not have any administrative openings.

73. Ms. Goldman cited the COVID-19 pandemic as the reason for this.

74. Upon information and belief, Defendant had multiple administrative openings that Plaintiff was well qualified for and could perform.

75. Defendant discriminated against Plaintiff due to her disability, denied her a reasonable accommodation, denied her work positions, and retaliated against her for requesting a reasonable accommodation and filing a Charge of Discrimination with the EEOC, all in violation of the ADA and the PHRA.

## COUNT I – DISABILITY DISCRIMINATION
## ADAAA and PHRA

76. Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

77. Plaintiff is a "qualified individual with a disability" as that term is defined under the ADA, as amended, and the PHRA because Plaintiff has, or had at all times relevant hereto, a disability that substantially limits or limited one or more major life activities or because Plaintiff had a record of such an impairment or because Plaintiff was regarded as

and/or perceived by Defendant and its agents as being disabled.

78. Plaintiff was qualified to perform the job.

79. Plaintiff was subject to an adverse employment action, including, but not limited to termination.

80. Circumstances indicated that Plaintiff's disabilities were the reason for the adverse employment action.

81. Defendant did not have a legitimate non-discriminatory reason for terminating Plaintiff.

82. Plaintiff's disabilities motivated Defendant's decision to terminate Plaintiff.

83. The purported reason for Defendant's decision is pretextual.

84. Others similarly situated but outside of Plaintiff's protected class were treated more favorably.

85. The above actions by Defendant also constitute a failure to accommodate and a failure to engage in the required interactive process.

86. As a result of Defendant's unlawful disability discrimination, Plaintiff has suffered damages as set forth herein.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

## COUNT II – RETALIATION
## ADAAA and PHRA

87. Plaintiff incorporates all the above paragraphs as if they were set forth at length herein.

88. Plaintiff engaged in activity protected by the ADA and PHRA when she requested a reasonable accommodation and complained of discrimination externally by reporting the discrimination to the EEOC.

89. Thereafter, Defendant took adverse employment actions against Plaintiff, including, but

not limited to, termination.

90. There exists a causal connection between Plaintiff's participation in protected activity and the adverse employment action.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, Claire Young, requests that the Court grant her the following relief against Defendant:

(a) Compensatory damages;

(b) Punitive damages;

(c) Emotional pain and suffering;

(d) Reasonable attorneys' fees;

(e) Recoverable costs;

(f) Pre and post judgment interest;

(g) An allowance to compensate for negative tax consequences;

(h) A permanent injunction enjoining Defendant, its directors, officers, employees, agents, successors, heirs and assigns, and all persons in active concert or participation with it, from engaging in, ratifying, or refusing to correct, employment practices which discriminate in violation of the ADA and the PHRA.

(i) Order Defendant to institute and implement, and for its employees, to attend and/or otherwise participate in training programs, policies, practices and programs which provide equal employment opportunities;

(j) Order Defendant to remove and expunge, or to cause to be removed and expunged, all negative, discriminatory, and/or defamatory memoranda and documentation from Plaintiff's record of employment, including, but not limited, the pre-textual reasons cited for its adverse actions, disciplines, and termination; and

(k) Awarding equitable and/or injunctive relief as permitted by law, equity and the federal statutory provisions sued hereunder, pursuant to Rules 64 and 65 of the

Federal Rules of Civil Procedure.

## JURY TRIAL DEMAND

Demand is hereby made for a trial by jury as to all issues.

## CERTIFICATION

I hereby certify that to the best of my knowledge and belief the above matter in controversy is not the subject of any other action pending in any court or of a pending arbitration proceeding, nor at the present time is any other action or arbitration proceeding contemplated.

RESPECTFULLY SUBMITTED,

KOLLER LAW, LLC

Date: August 10, 2021     **By:**   */s/ David M. Koller*
David M. Koller (Pa. Atty. Id. No. 90119)
2043 Locust Street, Suite 1B
Philadelphia, PA 19103
215-545-8917
davidk@kollerlawfirm.com

**POLLINS LAW**

**By:**   */s/ Scott M. Pollins*
Scott M. Pollins (Pa. Atty. Id. No. 76334)
303 West Lancaster Avenue, Suite 1C
Wayne, PA 19087
610-896-9909
scott@pollinslaw.com

*Counsel for Plaintiff*